UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYNN SHCOLNIK,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, LLC, et al.,<br><br>Defendants. | CASE NO. C15-0129JLR<br><br>ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the court *sua sponte* following the filing of Defendant Select Portfolio Servicing, LLC's ("SPS") notice of removal (Not. of Rem. (Dkt. # 1)) and Plaintiff Marilynn Shcolnik's motion for a preliminary injunction (Mot. for Prelim. Inj. (Dkt. # 5)).  Having examined the complaint (Compl. (Dkt. # 1-1)), the notice of removal, Ms. Shcolnik's motion for a preliminary injunction, and the relevant law, the court finds that it lacks subject matter jurisdiction over this action and therefore remands the case to state court.

ORDER- 1

## I. BACKGROUND

Ms. Shcolnik, who is proceeding pro se, filed this action in the Superior Court for Snohomish County, Washington.  (*See* Compl. at 1.)  In her complaint, Ms. Shcolnik alleges that she never signed the deed of trust that purportedly secures a loan against her property, and that the deed of trust is therefore invalid.  (*See, e.g.*, *id.* ¶¶ 3.2-3.4, 3.24, 4.7, 4.9.)  Defendants are now attempting to foreclose on her property using the deed of trust.  (*See, e.g.*, *id.* ¶ 4.3.)  A trustee's sale of her property is set for February 13, 2015.  (Mot. for Prelim. Inj. at 1; SPS Resp. (Dkt. # 8) at 1.)  To prevent that sale, Ms. Shcolnik filed with the Snohomish County Superior Court a motion for a preliminary injunction, a hearing on which was set for January 29, 2015.  (State Ct. Rec. (Dkt. # 1-3) at 2, 5-13.)

On January 27, 2015, SPS removed the case to this court.  (*See generally* Not. of Rem.)  SPS invokes the court's subject matter jurisdiction on the basis of an alleged federal question.  (*See id.* ¶ 7.)  Specifically, SPS asserts that Ms. Shcolnik's complaint states a claim for relief based on SPS's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (*Id.*)  The notice of removal identifies no other grounds for subject matter jurisdiction.

On February 2, 2015, Ms. Scholnik filed with this court a motion for a temporary restraining order (Mot. for TRO (Dkt. # 6)) and a motion for a preliminary injunction.  Neither of Ms. Shcolnik's motions explicitly requests remand; however, in both motions, Ms. Shcolnik takes issue with aspects of SPS's removal.  (*See* Mot. for TRO at 3; Mot. for Prelim. Inj. at 4-6.)   In particular, Ms. Shcolnik claims that she has not stated a cause of action under the FDCPA; rather she has merely pleaded that SPS and Defendant

Northwest Trustee Services, Inc. ("NWTS") violated the FDCPA. (*See* Mot. for Prelim. Inj. at 5 ("[T]he complaint does not purport to state [a] FDCPA claim."); *see also* Compl. ¶¶ 7-7.11.) Because the notice of removal relies on the FDCPA allegations to support the court's subject matter jurisdiction (Not. of Rem. ¶ 7), the court now raises the issue of whether subject matter jurisdiction exists over this case.

## II.   DISCUSSION

Federal courts are courts of limited subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *et al.*, 13 Federal Practice and Procedure § 3522 (3d ed.) (collecting cases). The removal statute is strictly construed against removal jurisdiction, and a removing defendant bears the burden of establishing grounds for federal subject matter jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00. *See* Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction); *see also* 28 U.S.C. §§ 1331, 1332. If at any time before final judgment a federal court determines that it lacks subject matter jurisdiction over a removed action, the court must remand the action. *See* 28 U.S.C. § 1447(c).

SPS argues that subject matter jurisdiction exists over this case because the complaint asserts a claim for relief under the FDCPA and therefore the case arises under the laws of the United States. (*See* Not. of Rem. ¶ 7.) A case does not arise under federal law, however, if the complaint pleads only that a violation of a federal statute occurred,

but not that the defendants are liable to the plaintiff for such violation. *See Carew v. Bank of America*, No. C14-0413RAJ, Dkt. # 24 at 2 (W.D. Wash. 2014). Here, it is unclear whether the complaint contains a claim for relief under the FDCPA. Indeed, the complaint states only that NWTS and SPS violated the FDCPA. (*See* Compl. ¶¶ 7-7.11.) That phrasing contrasts sharply with the manner in which the complaint states its other claims, all of which the complaint specifically labels "cause[s] of action." (*See id.* ¶¶ 4-6, 8-9.) Moreover, the complaint fails to request relief specific to the alleged FDCPA violation. (*See id.* ¶¶ 11.1-11.11.) As such, the language of the complaint creates doubt regarding whether Ms. Shcolnik asserts a FDCPA claim.

Any doubt regarding the existence of an FDCPA claim disappears, however, upon reading Ms. Shcolnik's motion for a temporary restraining order. There, Ms. Shcolnik expressly disavows any cause of action under the FDCPA. (*See* Mot. for Prelim. Inj. at 5.) She states that her complaint "does not purport to state [a] FDCPA claim." (*Id.* ("Plaintiff has not truly stated a Cause of Action under the FDCPA.").) Accordingly, the court interprets Ms. Shcolnik's complaint as alleging that a violation of the FDCPA occurred but not as stating a claim for relief on that basis. The complaint's allegations concerning the FDCPA are therefore insufficient to support this court's federal subject matter jurisdiction. *See Carew*, C14-0413RAJ, Dkt. # 24 at 2.

Furthermore, the court is unable to identify an alternative basis for subject matter jurisdiction in this case. The complaint mentions no federal statutes beyond the FDCPA (*see generally* Compl.); therefore, the court concludes that federal question jurisdiction is not present here. In addition, it appears that diversity jurisdiction is lacking. Ms.

ORDER- 4

Shcolnik is a resident of Washington State (*see id.* ¶¶ 1.1, 2.2), and asserts that NWTS is a Washington corporation (*id.* ¶ 1.5).  Diversity jurisdiction, however, requires complete diversity of citizenship.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[E]ach of the plaintiffs must be a citizen of a different state than each of the defendants.").  Because Ms. Shcolnik and NWTS are citizens of the same state, the court cannot exercise its diversity jurisdiction in this case.

In sum, the filings in this case provide no basis for federal subject matter jurisdiction.  The case does not arise under federal law, nor does it involve parties who are diverse in their citizenship.  As such, the court must remand this case to state court. *See* 28 U.S.C. § 1447(c).

### III.   CONCLUSION

For the foregoing reasons, the court finds that subject matter jurisdiction over this case is lacking and therefore ORDERS as follows:

//

//

//

//

//

//

//

//

//

ORDER- 5

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d),[1] all further proceedings in this case are REMANDED to the Superior Court for Snohomish County in the State of Washington,

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties,

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order to the Clerk of the Court for the Superior Court for Snohomish County, Washington,

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for Snohomish County, Washington, and

5. The Clerk of the Court shall TERMINATE all pending motions (Dkt. ## 5, 6) and CLOSE this case.

Dated this 3rd day of February, 2015.

*signature*

JAMES L. ROBART
United States District Judge

---

[1] This order is not reviewable. 28 U.S.C. § 1447(d); *see also Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008) ("[O]nly remands based on defects in removal procedure or on lack of subject-matter jurisdiction escape our review.").

ORDER- 6